UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

JOHN HASTIE,

        Plaintiff,                              Case No. 1:07-cv-345

v.                                                       Honorable Robert Holmes Bell

JOHN S. RUBITSCHUN, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

I.       Factual allegations

Plaintiff is currently incarcerated in the Camp Branch Correctional Facility. In his *pro se* complaint, he sued Michigan Department of Corrections (MDOC) Director Patricia Caruso, Michigan Parole Board Chairman John S. Rubitschun, and members Stephen DeBoer and Charles E. Braddock.

Prior to his parole interview, Plaintiff received an Michigan Department of Corrections (MDOC) Parole Guidelines Scoresheet with a score of +9, which equates to a "high probability of parole." Nevertheless, the parole board issued a "Notice of Decision" on February 21, 2006, continuing Plaintiff's incarceration until March 9, 2008. To deny parole to a prisoner who has a "high probability of parole," the parole board must give substantial and compelling reasons to depart from the parole guidelines. MICH. COMP. LAWS § 791.233e(6). In accordance with M.C.L. § 791.233e(6), the parole board provided that "P[laintiff']s minimization of the instant offense in conjunction with past episodes of abuse of the victim is indicative of a lack of insight into P[laintiff']s extremely cruel treatment of the victim. P[laintiff] is still considered a risk to the general public safety." (Compl. at 10, docket #1.) Plaintiff argues that "at no time during the parole interview did the [P]laintiff talk about 'past episodes of abuse.'" (*Id.* at 11.) Plaintiff further asserts that he has never "minimized his actions" in any manner and has "taken complete responsibility for [his] criminal behaviors." (Id. at 13.)

Plaintiff argues that Defendants' departure from the parole guidelines to deny his parole when he received a "high probability of parole" violated his rights under the Due Process Clause and MICH. COMP. LAWS § 791.233e(6). Plaintiff further argues that his due process rights

have been violated because the Parole Board considered false and inaccurate information in denying Plaintiff's parole and failed to comply with a number of Michigan statutes.

Plaintiff seeks declaratory and injunctive relief declaring that Defendants violated Plaintiff's constitutional rights, requiring Defendants to conduct a new hearing and follow state statutes, and prohibiting Defendants from "relying on any indication that [P]laintiff minimized his involvement in the instant offence, or [P]laintiff was involved in any past episodes of abuse, or [P]laintiff lacks insight, [or] that [P]laintiffs [sic] misconducts support the [Parole B]oards [sic] decision." (Compl. at 18).

II.     Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez,* 411 U.S. 475, 484, 494 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to

secure release from illegal custody). The Supreme Court has held that a state prisoner cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997). However, in *Wilkinson v. Dotson*, 544 U.S. 74, 82-83 (2005), the Supreme Court clarified the *Heck* rule, finding "that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (mphasis in original). Plaintiff does not seek release from prison; rather, he requests a new parole hearing. As a consequence, under *Wilkinson*, his success in the action would not necessarily demonstrate the invalidity of his continued confinement, so his action does not appear to be *Heck*-barred. Nevertheless, assuming that Plaintiff's action is cognizable under § 1983, it fails to state a claim as set forth herein.

### A. Plaintiff has no liberty interest in parole

Plaintiff claims that he was denied parole without Defendants giving substantial and compelling reasons for the denial. He fails to raise a claim of constitutional magnitude.

Liberty interests may arise from the Constitution itself or from the provisions of state law. *See Hewitt v. Helms*, 459 U.S. 460, 466 (1983). A prisoner has no constitutional or inherent right to be released on parole before the expiration of the prisoner's sentence. *Greenholtz v. Inmates*

*of the Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). The state is therefore free to institute parole systems, but it has no duty to do so. *Id.*; *see Rose v. Haskins*, 388 F.2d 91, 93 (6th Cir. 1968). A prisoner has a liberty interest in the possibility of parole if, but only if, state law creates a legitimate expectation of parole release by the use of mandatory language limiting the discretion of the Parole Board. *See Board of Pardons v. Allen*, 482 U.S. 369, 373-75 (1987). In the absence of a state-created liberty interest, the Parole Board can deny release on parole for any reason or no reason at all, and the Due Process Clause has no application. *See Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 236 (6th Cir. 1991).

In numerous cases, this Court has reviewed Michigan law and has found a complete absence of mandatory language or the imposition of substantive predicates restricting the Parole Board's discretion. Michigan statutes merely define those prisoners not eligible for parole and list factors that the Parole Board may or may not consider in its decision to grant or deny parole, without directing a specific result. *See* MICH. COMP. LAWS §§ 791.233b, .234, .235. No statutory provision requires parole for any eligible prisoner under any circumstances. The statute makes release on parole expressly discretionary. MICH. COMP. LAWS § 791.234(11).[1]

Relying upon these provisions of Michigan law, the Sixth Circuit Court of Appeals has authoritatively held that the Michigan system does not create a liberty interest in parole. *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc). In unpublished decisions following *Sweeton*, the Sixth Circuit has repeatedly held that particular parts of Michigan's statutory parole scheme do not create a liberty interest in parole. *See Fifer v. Mich. Dep't of Corr.*, No. 96-2322,

---

[1] The Michigan parole statutes have been amended several times in recent years. The statutory citations contained above are to the present codification of the parole law. None of the recent amendments are material to the issues now before the court. Release on parole has always been discretionary under Michigan law.

1997 WL 681518, at *1 (6th Cir. Oct. 30, 1997); *Moran v. McGinnis*, No. 95-1330, 1996 WL 304344, at *1-2 (6th Cir. June 5, 1996); *Vertin v. Gabry*, No. 94-2267, 1995 WL 613692, at *1 (6th Cir. Oct. 18, 1995); *Leaphart v. Gach*, No. 95-1639, 1995 WL 734480, at *1-2 (6th Cir. Dec. 11, 1995); *Janiskee v. Mich. Dep't of Corr.*, No. 91-1103, 1991 WL 76181, at *1 (6th Cir. May 9, 1991); *Neff v. Johnson*, No. 92-1818, 1993 WL 11880, at *1 (6th Cir. Jan. 21, 1993); *Haynes v. Hudson*, No. 89-2006, 1990 WL 41025, at *1 (6th Cir. Apr. 10, 1990). Further, the Michigan Supreme Court has recognized that there is no liberty interest in parole under the Michigan system. *Glover v. Mich. Parole Bd.*, 596 N.W.2d 598, 603-04 (Mich. 1999).

Until Plaintiff has served his fifteen-year maximum sentence, he has no reasonable expectation of liberty. In the absence of a liberty interest, even an allegation of arbitrary or capricious denial of release on parole states no federal claim. *See Haynes*, 1990 WL 41025, at *1. The discretionary parole system in Michigan holds out "no more than a mere hope that the benefit will be obtained." *Greenholtz*, 442 U.S. at 11. The Michigan Parole Board's failure or refusal to consider petitioner for parole, therefore, implicates no federal right. In the absence of a liberty interest, petitioner fails to state a claim for a violation of his procedural due process rights.

Furthermore, the presence of specific parole guidelines does not lead to the conclusion that parole release is mandated upon reaching a "high probability of parole." As stated by the Court, a state's scheme may be specific or general in defining the factors to be considered by the parole authority without necessarily mandating parole. *Greenholtz*, 442 U.S. at 7-8. At the time that *Sweeton* was decided, there were statutory factors to be considered by the parole board. *See Sweeton*, 27 F.3d at 1165 n.1 (noting that M<small>ICH</small>. C<small>OMP</small>. L<small>AWS</small> § 791.235 listed " a large number of factors to be taken into account by the board.") Although the current parole guidelines may be more

detailed than the former statutory provision, they are still nothing more than factors that are considered by the board in assessing whether parole is appropriate. The fact that the Michigan Parole Board must follow their own procedural statutes and regulations regarding parole does not raise an issue of federal due process. *Id.* at 1165. This is particularly so in light of the fact that the guidelines do not state that the prisoner "must" or "shall" be paroled if the prisoner scores in a certain category; rather, the guidelines still speak in terms of probability, thus leaving the ultimate determination of parole release with the parole board. In an unpublished decision, the Sixth Circuit has found that where the ultimate decision regarding parole rests with the parole board, a prisoner has no protectable interest in a system which determined a "grid score" for when he would be eligible for parole. *Moran*, 1996 WL 304344, at *2; *accord Aqeel v. Dallman*, No. 90-3459, 1991 WL 7102, at *1 (6th Cir. Jan. 25, 1991) (where statute and guidelines place parole decision in hands of the board, there is no liberty interest). Because Petitioner has no liberty interest at stake, his due process claim must fail.

### B. Consideration of Inaccurate Information

Plaintiff's related allegation that Defendants relied on false information to deny his parole also fails to state a claim. Assuming that the parole board did rely on false information, Plaintiff's claim does not present any constitutional violation. *See Pukyrys v. Olson*, No. 95-1778, 1996 WL 636140, at *1 (6th Cir. Oct. 30, 1996) (no constitutional violation by having false information placed in a prison file); *Carson v. Little*, No. 88-1505, 1989 WL 40171, at *1 (6th Cir. Apr. 18, 1989) (inaccurate information in an inmate's file does not amount to a constitutional violation). Because Plaintiff has no liberty interest in being paroled, Plaintiff cannot show that the false information was relied upon to a constitutionally-significant degree. *See Maiden v. Johnson*,

No. 98-1479, 1999 WL 507027, at *1-2 (6th Cir. June 10, 1999); *Draughn v. Green*, No. 97-1263, 1999 WL 164915, at *2 (6th Cir. Mar. 12, 1999); *Perotti v. Marshall*, No. 85-3776, 1986 WL 16695, at *1-2 (6th Cir. Mar. 14, 1986). Therefore, Plaintiff fails to state a claim for a violation of his due process rights.

### C. State Law Claims

Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). To the extent that Plaintiff's complaint presents allegations under state law, this Court declines to exercise jurisdiction. The Sixth Circuit has stated that district courts should generally decline to exercise supplemental jurisdiction over state law claims under these circumstances. *See Landefeld v. Marion Gen. Hosp., Inc.,* 994 F.2d 1178, 1182 (6th Cir. 1993); *Hawley v. Burke*, No. 97-1853, 1998 WL 384557, at *1-2 (6th Cir. June 18, 1998). Section 1983 is addressed to remedying violations of federal law, not state law. Additionally, A state's failure to comply with its own law, rule or regulation does not by itself state a claim under § 1983. *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992). This claim will be dismissed without prejudice.

### Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

   I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).


               /s/ Timothy P. Greeley
               TIMOTHY P. GREELEY
               UNITED STATES MAGISTRATE JUDGE

Dated:   May 31, 2007

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).